[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In September 2000 and in June 2001, respectively, defendant-appellant was convicted for possessing a criminal tool, a fifth-degree felony, in the case numbered B-0004934 and for receiving stolen property, also a fifth-degree felony, in the case numbered B-0102252. The trial court sentenced Hall to community control for both offenses. On October 3, 2001, Hall pleaded guilty to violating the conditions of his community control in both cases. The court revoked his community control and imposed a one-year prison term for each underlying offense. The court then ordered that the sentences be served consecutively. Hall timely appeals the imposition of these sentences, asserting that they are contrary to law.
Hall asserts, and the state agrees, that the trial court did not make the requisite statutory findings before imposing maximum, consecutive sentences. We agree. A review of the record in each case reveals that the court failed to make any verbal or written findings to satisfy either R.C. 2929.14(C)'s requirements for imposing the maximum sentence and R.C. 2929.14(E)(4)'s requirements for imposing consecutive sentences. Furthermore, we note that, in the case numbered B-0102252, the court failed to make all of the requisite findings set forth in R.C. 2929.13(B) before imposing a prison term for a fifth-degree felony (receiving stolen property).
Hall also asserts that although the court may have made the necessary findings, in the case numbered B-0004934, before it imposed a prison term for possessing criminal tools, those findings were not supported by the record. Specifically, Hall argues that the trial court's finding that he had previously served a prison term was incorrect. But Hall's presentence-investigation report indicated that Hall had served a one-year prison term for burglary in Richmond, California. Accordingly, the record clearly and convincingly supports that specific finding of the court.
Because the court failed to make the statutorily required findings before imposing maximum and consecutive sentences in both cases and, in the case numbered B-0102252, also failed to make the findings necessary before imposing a prison term for a fifth-degree felony, we vacate the sentences and remand these cases for resentencing in accordance with the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.